Shireen Yvette Wetmore (SBN 278501)
Nathan K. Norimoto (SBN 334835)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
E-mail:     sywetmore@duanemorris.com
            nnorimoto@duanemorris.com

Nick Baltaxe (SBN 329751)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA  90017-5450
E-mail:     nbaltaxe@duanemorris.com

Attorneys for Defendant KELLY SERVICES
GLOBAL, LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RUIZ, as a proxy for the LWDA,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLY SERVICES GLOBAL, LLC., a Michigan limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT KELLY SERVICES GLOBAL, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[Removed from Stanislaus County Superior Court, Case No. CV-23-003304]<br><br>*[Filed concurrently with Declaration of Terri Ministrelli; Civil Case Cover Sheet; Corporate Disclosure Form; and Request for Judicial Notice]* |

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant KELLY SERVICES GLOBAL, LLC ("Kelly" or "Defendant") hereby removes the above-captioned case from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), and removal jurisdiction under 28 U.S.C. §§ 1441(a), 1446, and 1453.

I.  **BACKGROUND**

1.      On June 14, 2023, Plaintiff Raul Ruiz ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Stanislaus, entitled *Raul Ruiz v. Kelly Services Global, LLC, et al.*, Case Number CV-23-003304.  Plaintiff asserted a single cause of action against defendants Kelly and E & J Gallo Winery ("Gallo") for an alleged violation of the Private Attorney Generals Act of 2004 (the "PAGA").

2.      On June 27, 2023, Plaintiff served Kelly's registered agent for service of process with the initial service packet, including copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Alternative Dispute Resolution (ADR) information forms.  (*See* Declaration of Terri Ministrelli in Support of Kelly's Notice of Removal ("Ministrelli Decl.") ¶ 5.)  A true and correct copy of this service packet is attached as **Exhibit A** to the Declaration of Terri Ministrelli filed in support of this Notice of Removal.  *Id.*

3.      On October 4, 2023, Plaintiff dismissed Gallo from this lawsuit.

4.      On October 10, 2023, Plaintiff filed a First Amended Complaint ("FAC") against Kelly.  In the FAC, Plaintiff asserted a second, new class cause of action against Kelly for alleged violations of the Unfair Competition Law (the "UCL"), California Business and Professions Code section 17200, *et seq.*  Plaintiff provided Kelly's counsel with a copy of the First Amended Complaint on October 12, 2023.

1    *Id.*  A true and correct copy of the First Amended Complaint that Plaintiff provided

2    Kelly's counsel is attached as **Exhibit A** to the Declaration of Terri Ministrelli filed in

3    support of this Notice of Removal.  *Id.*

4        5.    In support of his UCL claim, Plaintiff alleges that Kelly violated the

5    California Labor Code and applicable Industrial Welfare Commission Wage Orders.

6    He claims that Kelly violated the Labor Code by failing to:  (i) pay Plaintiff and other

7    employees for overtime hours worked; (ii) pay Plaintiff and other employees the

8    proper regular rate for overtime hours worked; (iii) provide Plaintiff and other

9    employees compliant meal periods; (iv) pay Plaintiff and other employees meal period

10   premiums; (v) pay Plaintiff and other employees the proper regular rate for meal

11   period premiums; (vi) provide Plaintiff and other employees complaint rest periods;

12   (vii) pay Plaintiff and other employees rest period premiums; (viii) reimburse Plaintiff

13   and other employees for necessary business expenses; (ix) pay Plaintiff and

14   employees all wages due and owing on separation in a timely manner; and (x) provide

15   Plaintiff and other employees compliant wage statements.  (*See* FAC ¶¶ 10-26, 41-45,

16   60.)

17       6.    In the FAC, Plaintiff seeks to pursue these claims on behalf of himself

18   and a putative class that includes all non-exempt workers who worked for Kelly

19   across California.  (*Id.* ¶ 41.)  Plaintiff alleges that there are numerous common

20   questions of law and fact for the putative class, including: "(a) systemic failure to pay

21   employees for all overtime worked; (b) systemic failure to authorize and permit meal

22   breaks or to pay the requisite premiums in lieu of providing said breaks; and (c)

23   systemic failure to comply with Labor Code section 226(a)."  (*Id.* ¶ 44.)  Plaintiff

24   asserts that his claims are "typical of the claims of the members of the Class as a

25   whole."  (*Id.* ¶ 46.)  Plaintiff states that the unfair business practices committed by

26   Kelly "*include, but are not limited to*, failing to pay overtime, failing to pay non-

27   exempt California employees meal period premiums at the appropriate rates, and

28

failing to properly reimburse employees for all necessary business expenditures." (*Id.* ¶ 60.)

7.    In support of this Notice, Defendant downloaded the entire Stanislaus County Superior Court docket from https://stanportal.stanct.org/search.  True and correct copies of the filings found in the docket as of November 13, 2023, are attached hereto as **Exhibits B through O** to this Notice of Removal.

8.    The Stanislaus County Superior Court's electronic docket indicates that the Superior Court scheduled a Case Management Conference for February 13, 2024, at 8:30 a.m. in Department 24, located at 801 10th Street, Modesto, CA  95354.  Other than the February 13, 2024, Case Management Conference, the electronic docket for the Stanislaus County Superior Court does not suggest that the Superior Court has scheduled any other proceedings.

**II. <u>TIMELINESS OF REMOVAL</u>**

9.    Under 28 U.S.C. §§ 1446(b), a defendant may remove a case within 30 days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable.  28 U.S.C. §§ 1446(b)(1), (b)(3).  As the Ninth Circuit has made clear, however, these two periods do not otherwise affect the time during which a defendant *may* remove.  *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013).

10.    A defendant who receives a pleading or other document that is "indeterminate" with respect to removability, *i.e.*, a pleading or other document that does not reveal on its face that there is diversity of citizenship or that there is sufficient amount in controversy to support jurisdiction under CAFA, "may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Id.*; *Anaya v. Mars Petcare US, Inc.,* No. EDCV211603PSGKKX, 2021 WL 5578724, at *2-4 (C.D. Cal. Nov. 29, 2021) ("These two 30-day periods are not the exclusive periods to remove; provided that neither is triggered, a defendant may

remove at any time based on the results of its own investigations. . . .") (citing *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121 (9th Cir. 2013)).

11.     "[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125; *Anaya,* 2021 WL 5578724, at *2-3 ("In *Roth*, the Ninth Circuit was abundantly clear that (1) if neither 30-day time period is triggered, '[a] CAFA case may be removed at any time'; and (2) 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

12.     Here, both Plaintiff's original Complaint and his Amended Complaint are indeterminate; neither "reveal[ed] on its face that there was diversity of citizenship or that there was sufficient amount in controversy to support jurisdiction under CAFA." *See Roth*, 720 F.3d at 1125.  In Plaintiff's original Complaint, Plaintiff did not assert claims against citizens of different states and did not seek recovery of at least the sum or value of $75,000, exclusive of interest or costs.  28 U.S.C. § 1332(a).  Further, Plaintiff did not assert a class action or seek relief on behalf of individual class members that aggregated exceeded the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  As a result, the original Complaint did not reveal on its face that it was removable based on diversity of citizenship or under CAFA.  (*See* Ministrelli Decl., Ex. A., Plaintiff's Complaint).

13.     In Plaintiff's First Amended Complaint, Plaintiff asserted a class action for the first time, but Plaintiff continued to fail to plead or to attempt to quantify the amount in controversy.  That is, Plaintiff did not assert any specific damages, including the sum or value of any award that he seeks on behalf of himself or members of the putative class.  Following receipt of the FAC, Kelly learned from

Plaintiff's counsel that, with his FAC, Plaintiff intended to expand his claims to assert a putative class action on behalf of *all* Kelly employees in California, but Kelly was required to conduct its own investigation to determine the amount in controversy associated with such claims.

14.     In other words, even after Plaintiff's disclosure that Plaintiff intended to pursue a class action on behalf of himself and *all* California employees, Kelly remained unaware of the alleged amount in controversy.  Kelly pulled internal data regarding its non-exempt employees in California for the period from October 10, 2019, to October 29, 2023, the time period alleged in Plaintiff's FAC, and thereafter determined, based on its analysis of this data, coupled with Plaintiff's allegations, that the amount in controversy far exceeded $5,000,000.  As a result, this notice of removal is timely.

## III.     CLASS ACTION FAIRNESS ACT REMOVAL

15.     This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(2), because: (1) the action involves 100 or more putative class members; (2) at least one class member is a citizen of a state different from that of at least one defendant; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(5), & (d)(6).

### A.     The Putative Class Exceeds 100

16.     The number of putative class members in this action is greater than 100. 28 U.S.C. § 1332(d)(5)(B).  Plaintiff alleged in his FAC that the number exceeded 1,000 individuals.  (*See* FAC ¶ 42.)  Indeed, Plaintiff's alleged employer, Kelly, has employed approximately 34,383 hourly non-exempt employees in the State of California during the relevant time period.  (*See* Ministrelli Decl. ¶ 8.)

### B.     Plaintiff And Kelly Are Minimally Diverse

17.     CAFA requires only minimal diversity for purposes of establishing federal jurisdiction.  That is, at least one putative class member must be a citizen of a

state different from any named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).  In this case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Kelly (Michigan).

### 1.    Plaintiff Is A Citizen Of California

18.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place where he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").  Citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (holding that, where complaint alleges plaintiff resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").

19.    Plaintiff alleges that his place of employment with Kelly was within Stanislaus County.  Ex. A, FAC. ¶ 7.  In addition, based on Company records, Plaintiff was a resident of California throughout the period of his employment with Kelly.  (Ministrelli Decl. ¶ 6.)  For instance, when Plaintiff began his employment with Kelly, Plaintiff provided Kelly with a home address in Stockton, California.  *Id*.  Additionally, the mailing address reflected on Plaintiff's paystubs throughout his employment with Kelly is Stockton, California.  (*Id*.)  Accordingly, on information and belief, following a reasonable investigation, Plaintiff is a citizen of California.

### 2.    Defendant Kelly Services Global, LLC Is Not A Citizen Of California

20.    Plaintiff names Kelly Services Global, LLC as a defendant.  As a general rule, a limited liability company is a citizen of every state of which its members are

citizens.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. . . . [A]n LLC is a citizen of every state of which its owners/members are citizens.").

21.    For purposes of CAFA's minimal diversity requirement, however, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *see Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes.").

22.    A corporation's principal place of business for diversity purposes is normally "the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  In *Hertz*, the U.S. Supreme Court held that the "principal place of business" of a corporation is best interpreted as a corporation's "nerve center," which "ordinarily equates . . . with a corporation's headquarters."  *Id.* The Court explained that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  *Id.* at 1192-93; *see id.* at 1195 (distinguishing situation where alleged "nerve center" is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat").

23.    For removal purposes, citizenship is measured both when the action is filed and when it is removed.  *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter*, 265 F.3d at 857.

24.     At all times since Plaintiff commenced this lawsuit, Kelly Services Global, LLC has been a limited liability company formed under the laws of the State of Michigan with its principal place of business in the State of Michigan.  (Ministrelli Decl. ¶¶ 3-4.)  Kelly Services Global, LLC has maintained its corporate headquarters in Troy, Michigan.  (*Id.* ¶ 4.)  Its corporate executives, including its senior leadership team, have been and continue to be located in Michigan, have maintained and continue to maintain their offices in Michigan, and have performed and continue to perform their primary duties and job functions in Michigan.  (*Id.*)  Because Kelly Services Global, LLC was formed under the laws of the State of Michigan and maintains its principal place of business in the State of Michigan, it is not a citizen of the State of California.

25.     Accordingly, CAFA's diversity requirement is satisfied because at least one class member – here, Plaintiff – and Defendant Kelly Services Global, LLC are citizens of different states.

### 3.     Doe Defendants Have No Bearing On Diversity Jurisdiction

26.     Pursuant to 28 U.S.C. §§ 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See, e.g.*, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("[C]itizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").  Thus, the existence of Doe Defendants 1 through 100 does not deprive this Court of jurisdiction.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 n.4 (9th Cir. 2006).

### C.     The Amount In Controversy Exceeds The Statutory Minimum

27.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of

$5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

28.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant need only make a plausible claim that the amount in controversy exceeds that amount.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).  Where, as here, Plaintiff does not plead a specific amount of damages, a defendant need only "plausibly show that it is reasonably possible that the potential liability exceed $5 million." *Greene v. Harley-Davidson*, 965 F.3d 767, 772 (9th Cir. 2020).  As the Ninth Circuit has explained, "the amount in controversy is the 'amount at stake in the underlying litigation,'" which "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (*quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis omitted)).

29.     While Kelly denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the FAC exceeds $5,000,000, exclusive of interest and costs. Kelly bases all calculations supporting the amount in controversy on the FAC's allegations (along with other documents identified herein), assuming, without any

admission, the truth of the allegations (which Kelly disputes).  Likewise, Kelly bases these calculations on the putative class alleged in the FAC, and in no way indicates or concedes that class treatment is appropriate in this case, that Plaintiff has standing to maintain his claim in any court or represent any class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Kelly expressly reserves the right to challenge Plaintiff's claims, adequacy, and standing to represent any claims or class, Plaintiff's class definition, Plaintiff's ability to meet the requirements of Rule 23, and the calculation of damages or any other monetary relief in all respects.

30.     Because Plaintiff has not alleged a particular dollar figure regarding the relief sought, reasonable estimates of the alleged amount in controversy are appropriate.  *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Moreover, where a plaintiff alleges a "uniform policy and systematic scheme of wage abuse," without including "any modifying language to suggest less than uniform violations," courts have found that the amount in controversy can be satisfied by assuming a 100% violation rate.  *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. 2017) (distinguishing *Ibarra*); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *2-3 (C.D. Cal. 2015) ("Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

31.     As the U.S. Supreme Court has explained, a defendant's amount-in-controversy allegations on removal are entitled to the same weight given those alleged by a plaintiff in its pleadings.  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. As a result, the effect of any affirmative defenses potentially reducing the amount in controversy cannot be considered when determining federal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010); *Scherer v. Equitable Life Assur. Soc.*, 347 F.3d 394, 397-398 (2d Cir. 2003)

(holding that affirmative defenses may not be used to "whittle down the amount in controversy"); *Lara v. Trimac Transp. Servs. (Western), Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

32.     Here, Plaintiff asserts as a basis for his purported class claims a single count based on Kelly's alleged violation of the UCL.  "Plaintiffs who prevail under the UCL are generally limited to injunctive relief and restitution.  Plaintiffs may not receive damages . . . or attorneys fees."  *Elec. Indus. Serv. Bureau, Inc. v. Philadelphia Indem. Co.*, 2018 WL 7286502, at *5 (N.D. Cal. July 11, 2018) (internal quotation marks and citation omitted).  In this case, Plaintiff potentially could recover relief for multiple Labor Code and IWC Wage Order violations alleged in the Complaint, including restitutionary relief for alleged:  (i) unpaid wages due to Kelly's alleged failure to pay overtime; (ii) unpaid wages due to Kelly's alleged failure to pay overtime at the correct regular rate of pay; (iii) premiums owed due to Kelly's alleged failure to provide meal periods; (iv) unpaid wages due to Kelly's alleged failure to pay meal period premiums at the correct regular rate; (v) premiums owed due to Kelly's alleged failure to provide rest periods; (vi) failing to reimburse for all necessary business expenses, (vii) failing to pay all wages due and owing on separation in a timely manner; and (x) failing to provide compliant wage statements.  (*See* FAC ¶¶ 10-26, 41-45, 60.)

**1.  Overtime Violations Claims**

33.     Plaintiff seeks payment for alleged overtime violations as a result of Kelly's purported "systemic failure to pay employees for all overtime worked."  (*Id.* ¶ 44; *see also id.* ¶ 45 (alleging that a common question of fact and law that predominates the UCL claim is "whether [Kelly] failed to properly pay their non-exempt California employees for all overtime worked.").)  Further, Plaintiff alleges

Kelly failed to accurately calculate the regular rate of pay for overtime payments by failing to consider certain items of remuneration. (*Id.*)

34.     California Labor Code section 1194 permits "any employee receiving less than the legal minimum wage or the legal overtime compensation . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Such amounts "are recoverable as restitution under the UCL," despite damages being unavailable under the statute. *See, e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014).

35.     While the statute of limitations for recovery for minimum wage and overtime violations under Labor Code section 1194 is three years, Cal. Civ. Proc. Code § 338, in this case Plaintiff alleges a claim for pay as part of his UCL claim. (*See* FAC ¶¶ 44, 45, 60.) According to the allegations of his Complaint, the four-year statute of limitations applies for purposes of removal. Cal. Bus. & Prof. Code § 17208. Accordingly, Plaintiff's proposed class period for the overtime claims is from **October 10, 2019, to present**.[1]

36.     The FAC is silent as to the amount of allegedly unpaid overtime hours worked or unpaid wages attributable to overtime, thereby precluding precise estimates of the amount in controversy. *See generally* FAC; *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (holding that, because plaintiff included no fact-specific allegations regarding overtime, a 100% estimation for labor code violations for the putative class is proper). Plaintiff does, however, allege that a "systemic failure to pay employees for all overtime worked." (*See* FAC ¶ 44.)

---

[1] Kelly acknowledges that Plaintiff asserts a single count under the UCL and that Plaintiff does not formally assert distinct "claims" based on alleged wage & hour violations; rather, such alleged violations comprise part of Plaintiff's UCL claim. Kelly uses the term "claim" in this removal notice to refer to each alleged violation of the California Labor Code set forth in the Complaint.

37.     During the relevant time period identified in the First Amended Complaint, there were approximately 34,393 current and former non-exempt hourly employees who are or were employed by Kelly in California.  (Ministrelli Decl. ¶ 8.) These 34,393 current and former employees worked a total of approximately 775,273 workweeks.  (*Id.*)  Plaintiff, who alleges that he is typical of the class, had an hourly rate of pay of $18.82 during the relevant time period and an average overtime rate of pay of $28.22.  (*Id*. ¶ 9.)

38.     Although Kelly denies that Plaintiff (or any putative class member) is entitled to any unpaid wages, assuming each class member worked just ten minutes of unpaid overtime per week, calculated at Plaintiff's typical average overtime rate of pay, the amount in controversy would be approximately **$3,719.294.69**. [775,273 Total Work Weeks * 0.17 hours * $28.22 Average Hourly Overtime Rate) = $**3,719.294.69**].

39.     For purposes of calculating the amount in controversy under CAFA removal, an estimate of just ten minutes a week – or approximately 2 minutes per day – of unpaid overtime is a very conservative estimate in light of Plaintiff's broad allegations of systematic underpayment of overtime – let alone his claims that Kelly purportedly failed to pay overtime at the proper rate.  Indeed, the Ninth Circuit and numerous district courts have held that an estimate of at least 30 minutes per class member per week is appropriate in light of Plaintiff's allegations.  *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (holding that "Marriott's assumptions are plausible" where it assumed "30 minutes of unpaid overtime per week"); *Gant v. ALDI, Inc.*, 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week.  This assumption is reasonable in light of the Complaint, whose allegations lack specificity."); *Wheatley v. MasterBrand Cabinets, LLC*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding estimate of one hour per class member per week appropriate where plaintiff alleged "a pattern and practice" of

overtime violations); *Stanley v. Distribution Alternatives, Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (denying motion to remand where, "[f]or the at-controversy overtime wages, [defendant] assume[d] that each of the class members worked two hours of overtime each week during the class period"); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate assumption that each class member is owed one hour of overtime compensation per week where complaint alleged overtime violations occurred "regularly"); *Oda v. Gucci Am. Inc.*, 2015 WL 93335 at *4 (C.D. Cal. Jan. 7, 2015) (finding reasonable an assumed violation rate of one hour of overtime per week where plaintiffs asserted the defendant "sometimes" failed to pay overtime); *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding reasonable defendant's estimate of one hour of unpaid overtime per week for each class member where the complaint alleged "consistent" unpaid overtime work); *Hender v. Am. Directions Workforce, LLC,* 2020 WL 5959908 at *2 (E.D. Cal. Oct. 7, 2020) (holding that an assumption of one unpaid overtime hour per week was reasonable and conservative when plaintiff alleges a "policy and practice" of failing to pay overtime wages).  At 30 minutes per workweek, the amount in controversy balloons to *over* **$10,000,000** [775,273 Total Work Weeks * 0.5 hours * $28.22 Average Hourly Overtime Rate = **$10,939,102.00.**] In other words, based on Plaintiff's allegations (which Kelly expressly denies), this aspect of the allegations alone far exceeds the minimum amount in controversy to support removal.

## 2.  Unpaid Meal Premiums Claim[2]

40.  Plaintiff alleges that he and other non-exempt California employees were "not consistently authorized or permitted to take meal breaks and/or rest breaks as

---

[2] Plaintiff also alleges systemic rest period violations.  (*See* FAC ¶¶ 15-16, 23, 44.) Rest period violations carry the same penalties as meal period violations.  Based on Plaintiff's allegations, it would therefore be reasonable to assume the same or similar amounts in controversy for rest periods as well.  In other words, any amount calculated as attributable to meal periods should be ***doubled*** to account for the companion rest period complaints.

required by California law" and that he was "frequently not authorized or permitted to take meal breaks or rest breaks." (*See* FAC ¶¶ 15-16.)  Plaintiff similarly argues that he, as well as other employees, were "expected to be working whenever the line was running and thus often were unable to take timely and fully uninterrupted meal breaks" at "high rates" and that he would not be paid a meal period premium in some of these situations.  (*Id.* ¶¶ 17-19, 22.)  Plaintiff claims that other non-exempt employees similarly were denied their opportunity for compliant meal periods.  (*Id.* ¶ 21.)  Plaintiff also accuses Kelly of failing to take into consideration certain renumeration when paying meal period premiums.  (*Id.* ¶ 20.)  Plaintiff indicates that a "focus" of the UCL claim will be Kelly's alleged "systemic failure to authorize and permit meal breaks or to pay the requisite premiums in lieu of providing said breaks." (*Id.* ¶ 44.)

41.     Based on these alleged violations of the Labor Code, Plaintiff seeks premium wages for the allegedly missed meal breaks.  (*Id.*, Prayer for Relief.)  Such premiums are considered restitutionary and therefore can be recovered in a UCL action.  *See, e.g.*, *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806561, at *8-9 (C.D. Cal. Aug. 3, 2017) ("[A]n employee's interest in the meal period premium is not an expectancy, but an interest which vests as soon as the meal period is missed. If Plaintiff was denied meal and rest periods as he alleges, he has a vested ownership interest in the corresponding premiums."); *Lopez v. United Parcel Service, Inc.*, 2010 WL 728205, at *10 (N.D. Cal. Mar. 1, 2010) (meal and rest break premiums are restitutionary because they are akin to payment of overtime wages to an employee and thus recoverable under the UCL).

42.     California law provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes."  *Cal. Lab. Code* § 512. Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a

second meal period of not less than 30 minutes."  California Labor Code § 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods.  An employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day.  *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting California Labor Code § 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).

43.    While the statute of limitations for recovery for meal period premium pay under California Labor Code § 226.7 is three years, *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."), the statute of limitations is extended to four years when a plaintiff pursues an action for restitution under the UCL.  *See Falk v. Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) ("[A]ctions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation.").  Accordingly, the proposed class period for the unpaid meal period premium claim is from **October 10, 2019 to present**.

44.    As noted above, during the proposed class period, the putative class members worked a total of approximately 775,273 workweeks – *i.e.*, approximately 775,273 pay periods.  (Ministrelli Decl. ¶ 10.)

45.    Assuming a violation rate of just one uncompensated, non-complaint meal period every three workweeks, the amount in controversy on this claim would equal no less than **$4,863,545.89**. [$18.82/hour (one hour of premium pay) x 258,424.33 weeks (one third of the total workweeks) = **$4,863,545.89**.]  If, as supported by the language in the FAC, one assumes a rate of one non-complaint meal period a *week*, this figure swells to *over* **$14,000,000** [$18.82/hour (one hour of premium pay) x 775,273 weeks = **$14,590,638**.]

46.     Kelly's estimate is conservative.  Kelly assumes only one meal period violation over a three-week period, which is arguably less frequent than Plaintiff's allegations that Kelly had a "systemic failure to authorize and permit meal breaks or to pay the requisite premiums in lieu of providing said breaks."  (*See* FAC ¶ 44.)

47.     Based on Plaintiff's allegations of "systemic" meal period issues, an estimated violation rate of one unpaid meal period premium every three weeks per class member is reasonable.  *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147. 1151 (S.D. Cal. 2018) (concluding a 60% violation rate for meal periods and a 30% violation rate for rest periods is reasonable); *Ramirez v. HV Global Mgmt. Corp.*, 2022 WL 1210402, at *6 (N.D. Cal. Apr. 25, 2022) (concluding a 25% violation rate in a meal period violation claim reasonable and observing that courts in the Northern District have found violation rates of 25% to 60% reasonable); *Sanchez v. Abbott Labs.*, 2021 WL 2676057, at 4-5 (E.D. Cal. June 30, 2021) (holding that a 60 percent violation rate for meal period violations is reasonable when plaintiff alleged a "pattern and practice" of meal period violations).  Kelly's assumption of one violation in every three workweeks – or one in 15 workdays (assuming a 5 day-a-week workweek) represents an assumed violation rate of less than 7% on a claim of "systemic" violations by the employer.  At just one unpaid meal premium every other week, this claim alone supports removal under CAFA [$18.82/hour (one hour of premium pay) x 387,636.5 weeks (one half of the total workweeks) = **$7,295,318.93**.]

### 3.  Unreimbursed Business Expense Claim

48.     Plaintiff claims he and other non-exempt employees in California were informed that they would be using a timekeeping system on their personal telephone to clock in and out.  Specifically, Plaintiff alleges that he and "all of Kelly's California employees use the Bullhorn application through his/her personal electronic device in order to record his/her time worked" and that Kelly "fails to provide any reimbursement for this necessary use of personal devices to any of its California employees."  (*See* FAC ¶ 12.)

49.     Under California law, an employer has a statutory obligation to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."  Cal. Labor Code § 2802(a).  Like amounts reflecting premiums for allegedly missed meal and rest breaks, plaintiffs may recover amounts for unpaid necessary business expenses under the UCL.  *See, e.g.*, *Kooiman v. Siwell, Inc.*, 2022 WL 2287310, at *3 (C.D. Cal. June 23, 2022) (noting unreimbursed business expenses are considered restitution); *Harris*, 2016 WL 4073327, at *10 ("Plaintiff's UCL cause of action survives insofar as it relies on § 2802 violations as the predicate."); *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, 2013 WL 800265, *4 (C.D. Cal. Mar. 1, 2013) ("Plaintiff seeks restitution for unpaid meal and rest periods and unreimbursed business expenses.  These expenses are restitutionary and therefore recoverable under the UCL."); *Ordonez v. Radio Shack*, 2011 WL 499279, at *6 (C.D. Cal. Feb. 7, 2011) ("The Court . . . concludes that the UCL claim may be maintained to the extent it is predicated on plaintiff's claim under Sections 221 and 2802.").

50.     While the statute of limitations for recovery for unpaid business expenses under California Labor Code § 2802 pay is three years, *Cal. Civ. Proc. Code* § 338, the limitations period is extended to four years when a plaintiff seeks restitution for the Labor Code violations.  *Falk*, 237 Cal. App. 4th at 1462, n.12.  Accordingly, the proposed class period for the unreimbursed business expenses claim is from **October 10, 2019, to present**.

51.     Plaintiff specifically alleges that *all* California employees were required to use their cell phones to enter their time and that for each of these individuals, the expense was reimbursable but not reimbursed.  As time entry is a daily or at minimum weekly process (given Kelly's weekly pay periods), one must assume that Plaintiff seeks alleged damages for every workweek attributable to the approximately 34,393

putative class members.  The approximately 775,273 workweeks equates to approximately 178,909.15 total months worked [775,273 weeks worked x (12 months per year/52 weeks per year).]

52.    Assuming each non-exempt employee during the relevant time period will seek to recover cell phone expenses in the amount of $10 per month, the amount in controversy for the unpaid business expenses would equal no less than **$1,789,091.50** [$10/month x 178.909.15 months = **$1,789,091.50**.]

53.    For an even more conservative estimate, assuming each putative class member during the limitations period may recover cell phone expenses in the amount of $3 per month, the amount in controversy for the unpaid business expenses would equal no less than **$536,727.45** [$3/month x 178,909.15 months = **$536,727.45**.]

54.    Of course, Plaintiff may attempt to claim much higher rates of reimbursement for these expenses.  According to the U.S. Bureau of Labor Statistics, the average monthly cell phone services charge for the time period of October 2019 to October 2023 may be approximately $47.88 per month.  *See* U.S. Bureau of Labor Statistics, Databases, *Tables & Calculators by Subject: Wireless telephone services in U.S. city average, all urban consumers, not seasonally adjusted*, *available at* https://data.bls.gov/timeseries/CUUR0000SEED03?output_view=data (last accessed November 13, 2023).  Plaintiff's vague allegations could reflect a claim for $3, $5, or $10 a month for these alleged expenses or upward of $48 per month.  In light of the vague allegations, an estimate of anywhere between $3 and $20 per month is reasonable for calculating the alleged amount in controversy.

**5.    Approximate Aggregate Amount In Controversy**

55.    Although Kelly denies Plaintiff's allegations that he or any non-exempt California employee or member of the putative class is entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for the asserted claims, exclusive of attorneys' fees,

interest, or costs, is between approximately **$9,119,113.09** to **$27,318,831.50** calculated as follows:

| Overtime Claims | **$3,719.294.69 -- $10,939,102.00** |
|---|---|
| Unpaid Meal Period Premiums Claim | **$4,863,545.89 -- $14,590,638.00** |
| Unreimbursed Business Expense Claim | **$536,727.45 --$1,789,091.50** |
| **Total** | **$9,119,113.03 – $27,318,831.50** |

56.     As set forth above, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.  Indeed, using a conservative estimate, the total amount in controversy is at least between **$9,119,113.09** to **$27,318,831.50.**

## IV.   <u>VENUE</u>

57.     Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(d).  This action originally was brought in the Stanislaus County Superior Court of the State of California, which is located within the Eastern District of California.  28 U.S.C. § 84(d).  Therefore, it is properly removed to this District.

58.     Additionally, this Court may and should exercise its discretion to remove Plaintiff's PAGA claims as those claims form part of the same case and controversy as Plaintiff's UCL claim.  *See* 28 U.S.C. § 1367(a).  Plaintiff's PAGA claims are premised on the same allegations as the UCL claim.

## V. <u>NOTICE OF REMOVAL TO STATE COURT AND TO PLAINTIFF</u>

59.     Kelly will serve this Notice of Removal promptly on Plaintiff and file it with the Clerk of the Stanislaus County Superior Court of the State of California, as required under 28 U.S.C. § 1446(d).

## VI. <u>PRAYER FOR REMOVAL</u>

60.    **WHEREFORE**, Defendant Kelly Services Global, LLC prays that this civil action be removed from the Stanislaus County Superior Court of the State of California, to the United States District Court for the Eastern District of California.


DATED: November 15, 2023                    Respectfully submitted,

DUANE MORRIS LLP


By: _/s/ Nick Baltaxe_
Shireen Y. Wetmore
Nathan K. Norimoto
Nick Baltaxe

Attorneys for Defendant
KELLY SERVICES GLOBAL, LLC

# EXHIBIT A

**CT Corporation**
**Service of Process Notification**
06/27/2023
CT Log Number 544169127

## Service of Process Transmittal Summary

**TO:**       MAILBOX EMPLOYMENT LAW
              KELLY SERVICES, INC.
              999 W BIG BEAVER RD
              TROY, MI 48084-4716

**RE:**       **Process Served in California**

**FOR:**      Kelly Services Global, LLC  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RAUL RUIZ, as a proxy for the LWDA // To: Kelly Services Global, LLC |
| **CASE #:** | CV23003304 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/27/2023 at 11:17 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2023, Expected Purge Date: 07/03/2023 |
| | Image SOP |
| | Email Notification,  MAILBOX EMPLOYMENT LAW  employlaw@kellyservices.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Jun 27, 2023
**Server Name:**                   Bruce Anderson

| | |
|---|---|
| Entity Served | KELLY SERVICES GLOBAL, LLC |
| Case Number | CV23003304 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically Filed
6/14/2023 3:58 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Alecsondra McDonald, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
E & J GALLO WINERY, a California corporation; KELLY SERVICES GLOBAL, LLC., a Michigan corporation; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RAUL RUIZ, as a proxy for the LWDA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanislaus County Superior Court

801 10th St. Modesto, CA 95354

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| CV-23-003304 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jenny D. Baysinger Mayall Hurley PC 2453 Grand Canal Blvd. Stockton, CA 95207

DATE:
*(Fecha)* 6/14/2023 3:58 PM

Clerk, by
*(Secretario)* _____, Deputy
*(Adjunto)*

Alecsondra McDonald

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):* KELLY SERVICES GLOBAL, LLC., a Michigan corporation

under: [x] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Jenny D. Baysinger SBN: 251014<br>Mayall Hurley PC 2453 Grand Canal Blvd. Stockton, CA 95207<br><br>TELEPHONE NO.: 209-477-3833   FAX NO. *(Optional):* 209-473-4818<br>E-MAIL ADDRESS: jbaysinger@mayallaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Raul Ruiz | ***FOR COURT USE ONLY***<br>Electronically Filed<br>6/14/2023 3:58 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Alecsondra McDonald, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
STREET ADDRESS: 801 Tenth Street
MAILING ADDRESS: 801 Tenth Street
CITY AND ZIP CODE: Modesto, 95014
BRANCH NAME: City Towers

CASE NAME:
Ruiz v. E & J Gallo Winery, A California Corporation et al.,

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited** | [ ] Counter   [ ] Joinder | CV-23-003304 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 14, 2023
Jenny D. Baysinger
_____   ► _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED**<br><br>Attorney for: | **FILED**<br><br>JUN 1 4 2023<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY_____ |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354 | DEPUTY |
| Plaintiff/Petitioner: RAUL RUIZ<br>Defendant/Respondent: E & J GALLO WINERY | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: CV-23-003304 |

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: 10/16/2023  Time: 8:30 AM

This case is assigned to Judge SONNY S SANDHU , Dept 24 , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
.........................................................................................................................
**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.**

2. You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the Court may make pretrial orders, including the following:
   a. An order establishing a discovery schedule.
   b. An order referring the case to arbitration.
   c. An order dismissing fictitious defendants.
   d. An order scheduling exchange of expert witness information.
   e. An order setting subsequent conferences and the trial date.
   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: JUN 1 4 2023        by _____        Deputy Clerk
Mandatory Form                    ALECSONDRA MCDONALD

| --SANCTIONS-- |
|---|
| If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

CV003                                                                          11/10

**Rule 3.110 of the California Rules of Court.**

**Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3100
www.stanislaus.courts.ca.gov.

## Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

➢ **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
➢ **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney, and expert witness fees).
➢ **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve thedispute.
➢ **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
➢ **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

**ADR may not be suitable for every dispute and may not be to your advantage.**

➢ The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
➢ Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
➢ If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

**What are my ADR Options?**

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.  It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

## ❖ ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanislaus.courts.ca.gov.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

## ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanislaus.courts.ca.gov. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally, the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

## ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at www.stanislaus.courts.ca.gov.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:             FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**

MAILING ADDRESS:  **801 10TH STREET, 4TH FLOOR**

CITY AND ZIP CODE:  **MODESTO, CA 95354**

BRANCH NAME:  **MODESTO**

## STIPULATION AND ORDER TO ADR

| CASE NAME: | CASE NUMBER: |
|---|---|

The parties or by and through their attorneys' of record stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation
☐ Private Mediation
☐ Judicial Arbitration

☐ Private Arbitration
☐ Voluntary Mediation in lieu of
    Judicial Arbitration

---

**This box is to be filled out for Voluntary Mediation and Neutral Evaluation only.**

☐ In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator.  If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that_____(Name of mediator) shall serve as the neutral for this case.

_____     _____
Signature of Mediator                              Date

☐ It is Stipulated that the Court select a mediator for this case.

**For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).**

---

► _____     ► _____
SIGNATURE                              DATE         SIGNATURE                              DATE

_____        _____
PLAINTIFF OR PLAINTIFF'S ATTORNEY         DEFENDANT OR DEFANDANT'S ATTORNEY

---

STAN-220

| *Name and Address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS *(Optional)*:          FAX NO. *(Optional):* | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS:  **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE:  **MODESTO, CA 95354**
BRANCH NAME:  **MODESTO**

CASE NAME:

| **NOTICE OF DATE, TIME AND PLACE OF<br>MEDIATION** | CASE NUMBER: |
|---|---|

All parties to this case are notified that this matter has been set for Mediation on
_____, 20___, at the hour of _____, at this address:

_____

_____

_____

Date: _____        Signature: _____

                                       Print Name: _____

STAN-230

| MEDIATOR *(Name and Address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:

E-MAIL ADDRESS *(Optional)*:          FAX NO. *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS:  **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE:  **MODESTO, CA 95354**
BRANCH NAME:  **MODESTO**

CASE NAME:

| **MEDIATOR'S REPORT** | CASE NUMBER: |
|---|---|

1.  Mediation *(check one)*

☐ did not take place, because _____

_____

_____

_____ .

☐ is continuing until _____ .

☐ took place on _____ and is completed.

2.  The mediation ended in *(check one)*

☐ full agreement.

☐ partial agreement.

☐ no agreement.

_____          ► _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF MEDIATOR)

_____
Date:

NOTE: Within 10 days of the end of the mediation process or by the ADR completion deadline set by the court, the mediator must forward a copy of this report to the ADR Clerk at the Stanislaus County Courthouse.  Please do not include any confidential information on this form (see *Evidence Code* §1121).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MAYALL HURLEY P.C.**
**JENNY D. BAYSINGER (SBN:  251014)**
jbaysinger@mayallaw.com
**ROBERT J. WASSERMAN (SBN:  258538)**
rwasserman@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone:  (209) 477-3833**
**Facsimile:  (209) 473-4818**

**Attorneys for Plaintiff Raul Ruiz as a proxy for the LWDA**

Electronically Filed
6/14/2023 3:58 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Alecsondra McDonald, Deputy

$435 PAID

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF STANISLAUS

**RAUL RUIZ, as a proxy for the LWDA,**

     **Plaintiffs,**

**vs.**

**E & J GALLO WINERY, a California corporation; KELLY SERVICES GLOBAL, LLC., a Michigan corporation; and DOES 1-100, inclusive,**

     **Defendants.**

**Case No.:** CV-23-003304

**COMPLAINT TO ASSESS AND COLLECT CIVIL PENALTIES FOR:**

    1. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 [Lab. Code § 2698 et seq.]**

    1.     Plaintiff Raul Ruiz ("Ruiz" or "Plaintiff), as a proxy for the California Labor & Workforce Development Agency ("LWDA") brings this complaint seeking to assess and collect civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698, et seq.) against E & J Gallo Winery, a California corporation ("Gallo"), Kelly Services Global, LLC, a Michigan corporation ("Kelly"), and Does 1 through 100 (collectively, "Defendants").  As set forth with greater particularity below, Ruiz, having exhausted administrative remedies as required by Labor Code § 2699.3 seeks to recover civil penalties for violations of the California Labor Code committed against him and other current and former California employees of Defendants.

/ / /

/ / /

This case has been assigned to Judge _____;
Dept. 24  Sandhu, Sonny S.
Department _____, for all purposes including Trial.

**PARTIES**

2.      Ruiz is, and at all times relevant herein was, employed in Stanislaus County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

3.      Gallo is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 600 Yosemite Blvd., Modesto, Stanislaus County, California.  At all times relevant herein, Gall has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s) and employed Plaintiff.

4.      Kelly is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business located at 999 W Big Beaver Road, Suite 601A, Troy, Michigan. At all times relevant herein, Kelly has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s) and employed Plaintiff.

5.      Gallo, Kelly, and Does 1-100 are collectively referred to as Defendants.

6.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

7.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting

within the course and scope of such agency, service, employment partnership, joint venture and/or
concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and
within the course and scope of such agency and/or employment, with the knowledge and/or consent of
the remaining Defendants.

### JURISDICTION AND VENUE

8.     This Court is the proper Court, and this action is properly filed in the Superior Court of
California for the County of Stanislaus pursuant to Code of Civil Procedure section 395(a) because
Gallo resides in Stanislaus County, both Gallo and Kelly conduct business within Stanislaus County,
and Ruiz's place of employment was within Stanislaus County.

### GENERAL ALLEGATIONS

9.     Plaintiff was hired by Kelly in December 2022 and assigned to work a temporary
assignment at Gallo.  Gallo and Kelly were Plaintiff's employer pursuant to Labor Code section 3351
and 558.1 at all times.

10.    Plaintiff had previously worked for Gallo as a seasonal employee between August and
December 2021 and was contacted by Gallo and asked to seek further employment with Gallo through
Kelly.

11.    At all relevant times, Plaintiff was properly classified as a non-exempt employee and
was entitled to minimum wage, overtime wages, and meal and rest breaks as required by California
law.

12.    When Plaintiff was onboarded by Kelly he was advised that Kelly uses a timekeeping
system through Bullhorn and that he would receive an email communication with a link to upload the
Bullhorn application to his personal telephone in order to clock in and clock out.  Plaintiff was not
advised of any alternative way to record his time worked other than through the Bullhorn application
and is not aware of any timeclocks within Gallo that were available for his use (or for the use of any
other non-direct Gallo employees).  Further, using the Bullhorn application on his personal phone was
considerably more convenient than any other option and thus its use was reasonably necessary in order
for Plaintiff to perform his job duties.  *Williams v. J.B. Hunt Transport, Inc.* (C.D. Cal. 2022) 2022
WL 714391 * 13.

13.     Although use of his personal cell phone was reasonably necessary to perform his job duties, Kelly did not ever reimburse Plaintiff *at all* for costs associated with his personal cell phone.

14.     Plaintiff is informed and believes that all of Kelly's California employees use the Bullhorn application through his/her personal electronic device in order to record his/her time worked. Plaintiff is further informed and believes that Kelly fails to provide any reimbursement for this necessary use of personal devices to any of its California employees.

15.     Plaintiff and Defendants' other hourly, non-exempt California employees were also not consistently authorized or permitted to take meal breaks and/or rest breaks as required by California law.

16.     Ruiz worked breaking down and stacking boxes on a production line.  Due to the volume of work, he was frequently not authorized or permitted to take meal or rest breaks.  On occasions when they were provided, they were often untimely and/or short and interrupted by supervisors who requested Ruiz assist with the line.  Ruiz and other employees working on the production line were expected to be working whenever the line was running and thus often were unable to take timely and fully uninterrupted meal breaks of at least 30 minutes.

17.     On occasions when Ruiz was afforded the opportunity to take a lunch, it was frequently not until after completion of his 5th hour of work.

18.     The fact Defendants improperly denied Ruiz the opportunity for meal periods is reflected by its occasional payment of an additional hour of work at his base hourly rate.  During his joint employment with Kelly and Gallo, between December 2022 and March 2023, Ruiz was denied at least seven (7) meal periods as evidenced by the meal period premiums Defendants provided to him during that period.  There is no lawful choice between providing the opportunity for a meal period and providing a meal period premium under California law and the payment of an additional hour of pay does not excuse the failure to provide meal periods. *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256.

19.     There were also occasions when Ruiz was denied the opportunity for compliant meal periods, but was not given a meal period premium.

/ / /

20.     Ruiz is informed and believes that other California non-exempt employees were similarly denied the opportunity for compliant meal periods.

21.     Although there is no "lawful choice" between providing the opportunity for meal periods and paying meal period premiums in California, Plaintiff is informed and believes this is precisely what Defendants do with respect to all of their California employees—interfere with/deny the opportunity for compliant meal periods (at high rates) and simply pay meal period premiums.

22.     Due to the volume and demands of the job, Ruiz and other California employees were also frequently denied rest periods.  Defendants did not provide requisite premiums when rest periods were denied.

23.     Because of the failures to properly provide meal/rest periods and associated premiums, Defendants failed to pay Ruiz and their other California employees timely as required by Labor Code section 204.

24.     In addition, because of the failures to pay all required meal/rest period premiums, Defendants necessarily failed to pay separated employees all wages due and owing on separation in a timely manner as required by Labor Code section 201-202.

25.     Because of the violations set forth above, the wage statements furnished by Defendants to their non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

    a.     The gross wages earned, in violation of section 226(a)(1);
    b.     The net wages earned, in violation of section 226(a)(5); and
    c.     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

26.     Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

27.     Defendants have, at all times relevant herein, furnished wage statements to each of their non-exempt California employees pursuant to an established set of policies, procedures and practices.

28.     Plaintiff and Defendants' other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned, net wages earned, and

/ / /

applicable hourly rates and the number of hours worked at each rate for each temporary services assignment from the wage statements furnished by Defendants.

29.    Separately, the wage statements violated California Labor Code section 226(a)(8) in that they failed to identify Gallo as the temporary services assignment and joint employer on any of the wage statements.

30.    Plaintiff is informed and believes Kelly fails to identify the temporary services assignment/joint employer on *any* of the wage statements it issues to California employees.

31.    As a result, Kelly's California employees are unable to promptly and easily determine the identities of all of their employers because the temporary services assignment and joint employer's information does not appear.

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

32.    The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code § 2698 *et seq.,* is and at all times relevant herein was applicable to Ruiz's employment with Defendants.

33.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.

34.    Ruiz was employed by Defendants and the alleged violations were committed against her in relation to his employment with Defendants.  Ruiz is therefore an aggrieved employee as defined by Labor Code § 2699(c).  Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

35.    Pursuant to Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

36.     Pursuant to Labor Code § 2699.3, an aggrieved employee may pursue a civil action arising under the PAGA after the following requirements have been met:

    a.   The aggrieved employee shall give written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

    b.   The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 60 days of the postmark date of the Employee's Notice. Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice with 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

    c.   For all alleged violations not enumerated in Labor Code § 2699.5, the employer is given thirty-three (33) days to cure and notify the aggrieved employee by certified mail that the violation has been cured. If the violation is not cured, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

37.     On March 29, 2023, Plaintiff provided written notice by certified mail to Defendants, and by online filing to the LWDA, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

38.     As of the date of this amended complaint, which is more than sixty-five (65) days after the March 29, 2023 letter, the LWDA has not responded to Plaintiff's notification or otherwise indicated an intention to investigate his claims. Defendants have also not provided any notification or other indication that either has cured any of the violations alleged in the March 29, 2023 letter.

Plaintiff has therefore satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover civil penalties against Defendants for violations of California Labor Code

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 2698 ET SEQ.**
**(Private Attorneys General Act)**
**Against Defendants**

39.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

41.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment.  Plaintiff is therefore an aggrieved employee as defined by Labor Code section 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendant.

42.     Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

43.     Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

44.     As set forth above, Defendants violated the California Labor Code by, inter alia, failing to reimburse employee expenses, failing to provide meal/rest periods and/or associated premiums,

failing to timely pay wages, failing to timely pay wages on separation, and failing to furnish accurate itemized wage statements.

45.    Wherefore, Plaintiff and the other aggrieved employees have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.    For civil penalties, including those available under Labor Code sections 226.3, 256, 558 exclusive of the underpaid wage portion and consistent with the California Supreme Court's holding in *Z.B., N.A. v. Superior Court* (2019) 8 Cal.5th 175; and 2699(f);

2.    For statutory attorneys' fees and costs, including those available under Labor Code section2699(g);

3.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

4.    For such other and further relief as the court deems just and proper.

**DATED:** June 14, 2023                              **MAYALL HURLEY P.C.**

By_____

JENNY D. BAYSINGER
Attorneys for Plaintiff as a proxy for the LWDA

EXHIBIT 1

LAW OFFICES OF

# MAYALL HURLEY

A PROFESSIONAL CORPORATION

SOUTHERN CALIFORNIA OFFICE
· · · · ·
450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91206
(818) 646-6440

LODI OFFICE
· · · ·
118 W. OAK STREET
LODI, CA 95240

STOCKTON OFFICE
· · · ·
2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207

112 S. CHURCH STREET
LODI, CALIFORNIA  95240

TELEPHONE: (209) 477-3833
FACSIMILE: (209) 473-4818
WWW.MAYALLAW.COM

VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM, III
NICHOLAS F. SCARDIGLI
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
JOHN P. BRISCOE
VLADIMIR J. KOZINA

March 29, 2023

**SUBMITTED VIA ONLINE CLAIM NOTICE**
https://dir.tfaforms.net/295

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Kelly Services Global, LLC
999 W. Big Beaver Road
Troy, MI 48084

E & J Gallo Winery
600 Yosemite Blvd.
Modesto, CA 95354

Re:   Raul R. Ruiz, Jr.
      ALTID/KSN: 24954759; EMPLID: 4002189650

To whom it may concern:

This office has been retained by Raul R. Ruiz, Jr. in connection with claims under the California Labor Code arising out of his former employment with Kelly Services Global, LLC and E & J Gallo Winery ("Employers"). Ruiz was hired directly by Kelly Services Global, LLC but was, at all relevant times, assigned to work at a warehouse for E & J Gallo Winery. At all times both Employers exercised control over Ruiz's work conditions and compensation. Ruiz was always properly classified as an hourly, non-exempt employee and was entitled to minimum wage, overtime, and meal/rest periods as required under California law. In accordance with California Labor Code section 2699.3, this letter shall serve as Ruiz's written notice to the Labor and Workforce Development Agency ("LWDA") and Employers regarding the numerous violations of the California Labor Code committed against Ruiz and Employers' other current and/or former California workers, and the facts and circumstances relating thereto.

Employers have, within the last year and beyond, as to Ruiz and other current and former employees within California, failed to do the following:

1.   Provide Meal Periods – An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. Similarly, an employer may not employ an employee for more than 10 hours per day without providing the employee with a second meal period. Due to his responsibilities and the volume of work he was expected to perform, Ruiz was regularly denied the opportunity to take a lunch period. More specifically, Ruiz worked in a warehouse breaking down and stacking boxes that came off the line. Ruiz

March 29, 2023
Page 2

and other employees working on the production line were expected to be working whenever the line was running and thus often were unable to take timely and fully uninterrupted meal breaks of at least 30 minutes.  On occasions when Ruiz was afforded the opportunity to take a lunch, it was frequently not until after completion of his 5th hour of work.  The fact Employers improperly denied Ruiz the opportunity for meal periods is reflected by its occasional payment of an additional hour of work at his base hourly rate.  There is no lawful choice between providing the opportunity for a meal period and providing a meal period premium under California law and the payment of an additional hour of pay *does not excuse the failure to provide meal periods*.  *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256.  There were also occasions when Ruiz was denied the opportunity for compliant meal periods, but was not given a meal period premium.  Ruiz is informed and believes that other California non-exempt employees were similarly denied the opportunity for compliant meal periods.

2.      <u>Provide Rest Periods</u> – For the same reasons set forth above with respect to meal periods, Ruiz and Employers' other employees were often unable to take their rest breaks.  Employers failed to provide the requisite additional compensation required by Labor Code section 226.7 to Ruiz and their other employees when these rest breaks were denied.

3.      <u>Furnish Accurate Itemized Wage Statements</u> – Because of the violations set forth above, the wage statements furnished by Employers violated Labor Code section 226(a) insofar as they failed to accurately show:

   a.   The gross wages earned as required by section 226(a)(1);
        Since Employers did not compensate Ruiz for all denied meal and rest period premiums, the wage statements issued necessarily failed to accurately identify gross wages earned
   b.   The net wages earned in violation of section 226(a)(5); and
        Because of the failure to provide meal and rest period premiums and/or compensate them at the correct regular rate, the wage statements furnished to Ruiz and other employees necessarily failed to accurately identify net wages earned.
   c.   The name and address of the legal entity that is Ruiz's employer as required by Labor Code section 226(a)(8);
        Although Ruiz was jointly employed by Kelly Services Global, LLC and E & J Gallo Winery at all times, his wage statements fail to identify E & J Gallo or its address in violation of section 226(a)(8).
   d.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate for each identified temporary services assignment in violation of section 226(a)(9).

March 29, 2023
Page 3

      4.    <u>Timely Pay Wages</u> – Because Employers failed to properly pay meal/rest period premiums when they became due, they necessarily violated the provisions of Labor Code section 204.

      5.    <u>Pay All Wages on Separation</u> – Because Employers failed, and continue to fail, to compensate for meal/rest periods denied there are necessarily wages that remained outstanding at the time Ruiz and other California employees separate from employment with Employers that are not timely paid at the end of their employment.

      6.    <u>Reimburse Employee Expenses</u> – California Labor Code sections 2802 mandates that an employer indemnify and hold harmless its employees for "all necessary expenditures or losses" incurred by the employee in the performance of his/her duties and/or at the express direction of the employer.  By way of one specific example, in performing his duties throughout his employment Ruiz was required to utilize a digital application to record his time worked.  As such, Ruiz was required to have either 1) a mobile phone with application capability and internet service or 2) a computer with application capability and internet service.  Despite this requirement, Employers did not provide Ruiz any reimbursement for the necessary costs incurred in order to be able to utilize the mandatory application.

      If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request the additional information, which I will provide to the extent it is available to me or my client.  If the LWDA does not intend to investigate these violations, Ruiz intends to file a civil complaint against Employers pursuant to the Labor Code Private Attorney General Act of 2004 (Labor Code §§ 2698 – 2699.5), on behalf of himself and as a proxy for the LWDA, to impose civil penalties arising out of violations of the Labor Code as to Ruiz and Employers' other current and former California employees.  Thank you for your attention to this matter.

      Regards,

      **MAYALL HURLEY P.C.**

By_____
      JENNY D. BAYSINGER

Enclosure

**MAYALL HURLEY P.C.**
**JENNY D. BAYSINGER (SBN: 251014)**
jbaysinger@mayallaw.com
**ROBERT J. WASSERMANN (SBN: 258538)**
rwassermann@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

Electronically Filed
10/10/2023 9:56 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Narelly Garcia, Deputy

**Attorneys for Plaintiff Raul Ruiz on behalf of all others similarly situated and as a proxy for the LWDA**

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF STANISLAUS

| | |
|---|---|
| **RAUL RUIZ, on behalf of all others similarly situated and as a proxy for the LWDA,**<br><br>     **Plaintiffs,**<br><br>vs.<br><br>**KELLY SERVICES GLOBAL, LLC., a Michigan corporation; and DOES 1-100, inclusive,**<br><br>     **Defendants.** | **Case No.: CV-23-003304**<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1.  **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 [Lab. Code § 2698 et seq.]**<br>2.  **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, et seq.** |

1.     Plaintiff Raul Ruiz ("Ruiz" or "Plaintiff), on behalf of himself and all others similarly situated, and as a proxy for the California Labor & Workforce Development Agency ("LWDA") brings this complaint seeking relief as authorized under California Business & Professions Code section 17200, et seq. (including restitutionary and/or injunctive relief) and to assess and collect civil penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2698, et seq.) against Kelly Services Global, LLC, a Michigan corporation ("Kelly"), and Does 1 through 100 (collectively, "Defendants").  As set forth with greater particularity below, Ruiz, having exhausted administrative remedies as required by Labor Code § 2699.3 seeks to recover restitutionary/injunctive relief under the UCL and civil penalties for violations of the California Labor Code committed against him and other current and former California employees of Defendants.

1

**PARTIES**

2        2.      Ruiz is, and at all times relevant herein was, employed in Stanislaus County, California,

3    and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor

4    Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

5        3.      Kelly is a corporation organized and existing under the laws of the state of Michigan,

6    with its principal place of business located at 999 W Big Beaver Road, Suite 601A, Troy, Michigan.

7    At all times relevant herein, Kelly has been an "employer" as defined by the Fair Labor Standards Act

8    ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage

9    Commission ("IWC") Order(s) and employed Plaintiff.

10       4.      Kelly and Does 1-100 are collectively referred to as Defendants.

11       5.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as

12   Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such

13   Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names

14   and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that

15   each of the fictitiously named Defendants is responsible in some manner for the occurrences herein

16   alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such

17   Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of

18   said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

19       6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned

20   herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

21   employee, partner and/or joint venturer of and was acting in concert with each of the remaining

22   Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting

23   within the course and scope of such agency, service, employment partnership, joint venture and/or

24   concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and

25   within the course and scope of such agency and/or employment, with the knowledge and/or consent of

26   the remaining Defendants.

27   / / /

28   / / /

---

First Amended Class and Representative Action Complaint – Page 2 of 14

**JURISDICTION AND VENUE**

7.     This Court is the proper Court, and this action is properly filed in the Superior Court of California for the County of Stanislaus pursuant to Code of Civil Procedure section 395(a) because Kelly conducts business within Stanislaus County, and Ruiz's place of employment was within Stanislaus County.

**GENERAL ALLEGATIONS**

8.     Plaintiff was hired by Kelly in December 2022 and assigned to work a temporary assignment at E & J Gallo Winery ("Gallo").  Gallo and Kelly were both Plaintiff's employer pursuant to Labor Code section 3351 and 558.1 at all times.

9.     At all relevant times, Plaintiff was properly classified as a non-exempt employee and was entitled to minimum wage, overtime wages, reimbursement of business expenses and meal and rest breaks as required by California law.

10.     When Plaintiff was onboarded by Kelly he was advised that Kelly uses a timekeeping system through Bullhorn and that he would receive an email communication with a link to upload the Bullhorn application to his personal telephone in order to clock in and clock out and otherwise track his hours worked throughout his direct employment with Kelly (and regardless of which client employer he was assigned to).  Plaintiff was not advised of any alternative way to record his time worked other than through the Bullhorn application and is not aware of any timeclocks within Gallo that were available for his use (or for the use of any other non-direct Gallo employees).  Further, using the Bullhorn application on his personal phone was considerably more convenient than any other option and thus its use was reasonably necessary in order for Plaintiff to perform his job duties. *Williams v. J.B. Hunt Transport, Inc.* (C.D. Cal. 2022) 2022 WL 714391 * 13.

11.     Although use of his personal cell phone was reasonably necessary to perform his job duties, Kelly did not ever reimburse Plaintiff *at all* for costs associated with his personal cell phone.

12.     Plaintiff is informed and believes that all of Kelly's California employees use the Bullhorn application through his/her personal electronic device in order to record his/her time worked. Plaintiff is further informed and believes that Kelly fails to provide any reimbursement for this necessary use of personal devices to any of its California employees.

---

13.     Plaintiff and Defendants' other hourly, non-exempt California employees earned non-discretionary bonuses and other types of remuneration throughout their respective periods of employment.  These bonuses included both flat-rate and non-flat-rate bonuses.

14.     By way of specific example, Plaintiff earned and was paid a $500 flat-rate bonus on February 10, 2023.  Ruiz is informed and believes that bonus was earned over the four (4) weeks preceding February 10, 2023.  Although the bonus was a flat-rate bonus that was not dependent on the number of hours Plaintiff worked and/or on his performance of overtime work. Defendant failed to properly calculate his "regular rate of pay" based on the bonus and thus failed to retroactively adjust the rate at which he was compensated for overtime and/or doubletime.  *Alvarado v. Dart Container Corp.* (2018) 4 Cal.5th 542, 573.

15.     Plaintiff and Defendants' other hourly, non-exempt California employees were also not consistently authorized or permitted to take meal breaks and/or rest breaks as required by California law.

16.     Ruiz worked breaking down and stacking boxes on a production line.  Due to the volume of work, he was frequently not authorized or permitted to take meal or rest breaks.  On occasions when they were provided, they were often untimely and/or short and interrupted by supervisors who requested Ruiz assist with the line.  Ruiz and other employees working on the production line were expected to be working whenever the line was running and thus often were unable to take timely and fully uninterrupted meal breaks of at least 30 minutes.

17.     On occasions when Ruiz was afforded the opportunity to take a lunch, it was frequently not until after completion of his 5th hour of work.

18.     The fact Defendants improperly denied Ruiz the opportunity for meal periods is reflected by its occasional payment of an additional hour of work at his base hourly rate.  During his joint employment with Kelly and Gallo, between December 2022 and March 2023, Ruiz was denied at least seven (7) meal periods as evidenced by the meal period premiums Defendants provided to him during that period.  There is no lawful choice between providing the opportunity for a meal period and providing a meal period premium under California law and the payment of an additional hour of pay

/ / /

does not excuse the failure to provide meal periods. *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256.

19.     There were also occasions when Ruiz was denied the opportunity for compliant meal periods, but was not given a meal period premium.

20.     In addition, when meal period premiums were paid to Plaintiff and Defendants' other California non-exempt employees, they were paid only at the base hourly rate, as opposed to the required "regular rate of compensation" including non-discretionary bonuses and other remuneration.

21.     Ruiz is informed and believes that other California non-exempt employees were similarly denied the opportunity for compliant meal periods.

22.     Although there is no "lawful choice" between providing the opportunity for meal periods and paying meal period premiums in California, Plaintiff is informed and believes this is precisely what Defendants do with respect to all of their California employees—interfere with/deny the opportunity for compliant meal periods (at high rates) and simply pay meal period premiums.

23.     Due to the volume and demands of the job, Ruiz and other California employees were also frequently denied rest periods.  Defendants did not provide requisite premiums when rest periods were denied.

24.     Because of the failures to properly provide meal/rest periods and associated premiums, Defendants failed to pay Ruiz and their other California employees timely as required by Labor Code section 204.

25.     In addition, because of the failures to pay all required meal/rest period premiums, Defendants necessarily failed to pay separated employees all wages due and owing on separation in a timely manner as required by Labor Code section 201-202.

26.     Because of the violations set forth above, the wage statements furnished by Defendants to their non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

        a.     The gross wages earned, in violation of section 226(a)(1);
        b.     The net wages earned, in violation of section 226(a)(5); and
        c.     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

27.     Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

28.     Defendants have, at all times relevant herein, furnished wage statements to each of their non-exempt California employees pursuant to an established set of policies, procedures and practices.

29.     Plaintiff and Defendants' other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned, net wages earned, and applicable hourly rates and the number of hours worked at each rate for each temporary services assignment from the wage statements furnished by Defendants.

30.     Separately, the wage statements violated California Labor Code section 226(a)(8) in that they failed to identify Gallo as the temporary services assignment and joint employer on any of the wage statements.

31.     Plaintiff is informed and believes Kelly fails to identify the temporary services assignment/joint employer on *any* of the wage statements it issues to its California employees.

32.     As a result, Kelly's California employees are unable to promptly and easily determine the identity(ies) of all of their employers because the temporary services assignment and joint employer's information does not appear.

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

33.     The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code § 2698 *et seq.,* is and at all times relevant herein was applicable to Ruiz's employment with Defendants.

34.     Pursuant to Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.

35.     Ruiz was employed by Defendants and the alleged violations were committed against her in relation to his employment with Defendants.  Ruiz is therefore an aggrieved employee as defined by Labor Code § 2699(c).  Other employees, current and former, are also

aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendants.

36.     Pursuant to Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

37.     Pursuant to Labor Code § 2699.3, an aggrieved employee may pursue a civil action arising under the PAGA after the following requirements have been met:

    a.  The aggrieved employee shall give written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

    b.  The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 60 days of the postmark date of the Employee's Notice. Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice with 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

    c.  For all alleged violations not enumerated in Labor Code § 2699.5, the employer is given thirty-three (33) days to cure and notify the aggrieved employee by certified mail that the violation has been cured.  If the violation is not cured, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

38.     On March 29, 2023, Plaintiff provided written notice by certified mail to Defendants, and by online filing to the LWDA, of the specific provisions of the Labor Code

alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

39.     As of the date of this complaint, which is more than sixty-five (65) days after the March 29, 2023 letter, the LWDA has not responded to Plaintiff's notification or otherwise indicated an intention to investigate his claims.  Defendants have also not provided any notification or other indication that either has cured any of the violations alleged in the March 29, 2023 letter.  Plaintiff has therefore satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover civil penalties against Defendants for violations of California Labor Code.

40.     Plaintiff also submitted an updated notification letter to the LWDA and Defendants on September 26, 2023 and will seek to further amend the complaint to add allegations seeking to assess and collect civil penalties relating to violations outlined in that notification letter as soon as they ripen.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff seeks to maintain this action as a class action as to the Second Cause of Action. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure 382.  The putative classes which Plaintiff seeks to represent consist of the following:

      a.     All current and former non-exempt California employees of Kelly Services who worked at least one overtime shift during a workweek when he/she also earned non-discretionary bonuses, commissions, and/or other remuneration from October 10, 2019 through the date of trial (the "Regular Rate Class");

      b.     All current and former non-exempt California employees of Kelly Services who earned non-discretionary bonuses, commissions, and/or other remuneration during a workweek when he/she earned meal break premium that was paid at his/her base hourly rate on at least one occasion between October 10, 2019 through the date of trial (the "Meal Premium Regular Rate Class"); and

      c.     All current and former non-exempt California employees of Kelly Services who utilized his/her personal device for work purposes from October 10, 2019 through the date of trial (the "Reimbursement Class").

The Regular Rate Class, Meal Premium Regular Rate Class, and the Reimbursement Class are collectively referred to as the Class.

42.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.  Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

43.     This action may be maintained as a class because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

44.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants': (a) systematic failure to pay employees for all overtime worked; (b) systemic failure to authorize and permit meal breaks or to pay the requisite premiums in lieu of providing said breaks; and (c) systematic failure to comply with Labor Code section 226(a).

45.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

  a.     Whether the bonuses provided to the Class are non-discretionary and/or flat-rate;

  b.     Whether Defendants were required to consider certain items of remuneration when determining the regular rate of pay for overtime;

  c.     Whether Defendants properly calculated the regular rate for flat-rate bonuses;

  d.     Whether Defendants failed to properly pay their non-exempt California employees for all overtime worked;

  e.     Whether Defendants failed to properly calculated and pay premiums to their non-exempt California employees as a result of non-compliant meal breaks;

f.   Whether use of the Bullhorn application system to record time worked constitutes a necessary expenditure (*Williams v. J.B. Hunt Transport., Inc.* (C.D. Cal. 2022) 2022 WL 714391);

g.   Whether the alleged violations constitute unfair business practices;

h.   Whether the Class is entitled to injunctive relief; and

i.   Whether the Class is entitled to restitutionary relief, and the amount of the same.

46.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

47.   The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

48.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due himself and the other class members.

49.   A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

50.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

51.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 2698 ET SEQ.**
**(Private Attorneys General Act)**
**Against Defendants**

52.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

53.     Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

54.     Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment.  Plaintiff is therefore an aggrieved employee as defined by Labor Code section 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendant.

55.     Pursuant to Labor Code section 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one

hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two

hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

56.    Pursuant to California Labor Code section 2699(g), an aggrieved employee may recover

the civil penalty on behalf of himself or herself and other current or former employees against whom

one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any

such action shall be entitled to an award of reasonable attorney's fees and costs.

57.    As set forth above, Defendants violated the California Labor Code by, inter alia, failing

to reimburse employee expenses, failing to provide meal/rest periods and/or associated premiums,

failing to timely pay wages, failing to timely pay wages on separation, and failing to furnish accurate

itemized wage statements.

58.    Wherefore, Plaintiff and the other aggrieved employees have been damaged as set forth

above and request relief as hereafter provided.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**Against Defendants on behalf of the Class**

59.    Plaintiff hereby realleges and incorporates by reference each and every allegation set

forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

allegations of this cause of action.

60.    The statutory violations, as alleged above, are unfair business practices within the

meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and

include, but are not limited to failing to properly pay overtime, failing to pay non-exempt California

employees meal period premiums at the appropriate rates, and failing to properly reimburse employees

for all necessary business expenditures.

61.    These violations resulted in actual injury to Plaintiff and the other members of the

Regular Rate Class and the Meal Premium Regular Rate Class and the Reimbursement Class in the

form of wages and/or other benefits that were improperly withheld and retained by Defendants.

/ / /

/ / /

62.     Wherefore, Plaintiff and the other members of the Regular Rate Class and the Meal Premium Regular Rate Class and the Reimbursement Class have been injured as set forth above and request relief as hereafter provided.

63.     Plaintiff requests that the court order restitution by Defendants to Plaintiff and the other members of the Regular Rate Class and the Meal Premium Regular Rate Class and the Reimbursement Class with interest thereon.

64.     Plaintiff is informed and believes that Defendants are continuing to treat members of the Regular Rate Class and the Meal Premium Regular Rate Class and the Reimbursement Class unlawfully and will continue to do so unless enjoined by this Court.

65.     Wherefore, Plaintiff and the other members of the Regular Rate Class and the Meal Premium Regular Rate Class and the Reimbursement Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First Cause of Action**

1.     For civil penalties, including those available under Labor Code sections 226.3, 256, 558 exclusive of the underpaid wage portion and consistent with the California Supreme Court's holding in *Z.B., N.A. v. Superior Court* (2019) 8 Cal.5th 175; and 2699(f);

2.     For statutory attorneys' fees and costs, including those available under Labor Code section2699(g);

3.     For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

4.     For such other and further relief as the court deems just and proper.

**As to the Second Causes of Action:**

1.     That this Court certify the Classes outlined herein;

2.     That this Court appoint Plaintiff as the representative of the Class;

3.     That this Court appoint Mayall Hurley, P.C. as Class Counsel;

1  4. That this Court award restitutionary and/or injunctive relief to Plaintiff and the members

2    of the Class;

3  5. That this Court award injunctive relief, including that available under Business and

4    Professions Code Section 17203;

5  6. That this Court award statutory attorneys' fees and costs, including those available under

6    Labor Code sections 218.5 and 2802(c), as well as Code of Civil Procedure section

7    1021.5;

8  7. That this Court award prejudgment and post-judgment interest according to any

9    applicable provision of law or as otherwise permitted by law; and

10  8. That this Court award such other and further relief as the court deems just and proper.

11 **DATED:** October 10, 2023     **MAYALL HURLEY P.C.**

12

13       By_____

14         JENNY D. BAYSINGER
          Attorneys for Plaintiff on behalf of all others
          similarly situated and as a proxy for the LWDA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

LAW OFFICES OF

# MAYALL HURLEY

A PROFESSIONAL CORPORATION

112 S. CHURCH STREET
LODI, CALIFORNIA 95240

TELEPHONE: (209) 477-3833
FACSIMILE: (209) 473-4818
WWW.MAYALLAW.COM

SOUTHERN CALIFORNIA OFFICE
·····
450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91206
(818) 616-6440

LODI OFFICE
·····
118 W. OAK STREET
LODI, CA 95240

STOCKTON OFFICE
·····
2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207

VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM, III
NICHOLAS F. SCARDIGLI
ROBERT J. WASSERMAN
JENNY D. BAYSINGER
JOHN P. BRISCOE
VLADIMIR J. KOZINA

March 29, 2023

**<u>SUBMITTED VIA ONLINE CLAIM NOTICE</u>**
https://dir.tfaforms.net/295

**<u>VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>**

Kelly Services Global, LLC                     E & J Gallo Winery
999 W. Big Beaver Road                          600 Yosemite Blvd.
Troy, MI 48084                                  Modesto, CA 95354

      Re:    <u>Raul R. Ruiz, Jr.</u>
              ALTID/KSN: 24954759; EMPLID: 4002189650

To whom it may concern:

      This office has been retained by Raul R. Ruiz, Jr. in connection with claims under the California Labor Code arising out of his former employment with Kelly Services Global, LLC and E & J Gallo Winery ("Employers"). Ruiz was hired directly by Kelly Services Global, LLC but was, at all relevant times, assigned to work at a warehouse for E & J Gallo Winery. At all times both Employers exercised control over Ruiz's work conditions and compensation. Ruiz was always properly classified as an hourly, non-exempt employee and was entitled to minimum wage, overtime, and meal/rest periods as required under California law. In accordance with California Labor Code section 2699.3, this letter shall serve as Ruiz's written notice to the Labor and Workforce Development Agency ("LWDA") and Employers regarding the numerous violations of the California Labor Code committed against Ruiz and Employers' other current and/or former California workers, and the facts and circumstances relating thereto.

      Employers have, within the last year and beyond, as to Ruiz and other current and former employees within California, failed to do the following:

      1.    <u>Provide Meal Periods</u> – An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. Similarly, an employer may not employ an employee for more than 10 hours per day without providing the employee with a second meal period. Due to his responsibilities and the volume of work he was expected to perform, Ruiz was regularly denied the opportunity to take a lunch period. More specifically, Ruiz worked in a warehouse breaking down and stacking boxes that came off the line. Ruiz

March 29, 2023
Page 2

and other employees working on the production line were expected to be working whenever the line was running and thus often were unable to take timely and fully uninterrupted meal breaks of at least 30 minutes.  On occasions when Ruiz was afforded the opportunity to take a lunch, it was frequently not until after completion of his 5th hour of work.  The fact Employers improperly denied Ruiz the opportunity for meal periods is reflected by its occasional payment of an additional hour of work at his base hourly rate.  There is no lawful choice between providing the opportunity for a meal period and providing a meal period premium under California law and the payment of an additional hour of pay *does not excuse the failure to provide meal periods*.  *Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256.  There were also occasions when Ruiz was denied the opportunity for compliant meal periods, but was not given a meal period premium.  Ruiz is informed and believes that other California non-exempt employees were similarly denied the opportunity for compliant meal periods.

2.     <u>Provide Rest Periods</u> – For the same reasons set forth above with respect to meal periods, Ruiz and Employers' other employees were often unable to take their rest breaks.  Employers failed to provide the requisite additional compensation required by Labor Code section 226.7 to Ruiz and their other employees when these rest breaks were denied.

3.     <u>Furnish Accurate Itemized Wage Statements</u> – Because of the violations set forth above, the wage statements furnished by Employers violated Labor Code section 226(a) insofar as they failed to accurately show:

a.   The gross wages earned as required by section 226(a)(1);
Since Employers did not compensate Ruiz for all denied meal and rest period premiums, the wage statements issued necessarily failed to accurately identify gross wages earned
b.   The net wages earned in violation of section 226(a)(5); and
Because of the failure to provide meal and rest period premiums and/or compensate them at the correct regular rate, the wage statements furnished to Ruiz and other employees necessarily failed to accurately identify net wages earned.
c.   The name and address of the legal entity that is Ruiz's employer as required by Labor Code section 226(a)(8);
Although Ruiz was jointly employed by Kelly Services Global, LLC and E & J Gallo Winery at all times, his wage statements fail to identify E & J Gallo or its address in violation of section 226(a)(8).
d.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate for each identified temporary services assignment in violation of section 226(a)(9).

March 29, 2023
Page 3

4.      <u>Timely Pay Wages</u> – Because Employers failed to properly pay meal/rest period premiums when they became due, they necessarily violated the provisions of Labor Code section 204.

5.      <u>Pay All Wages on Separation</u> – Because Employers failed, and continue to fail, to compensate for meal/rest periods denied there are necessarily wages that remained outstanding at the time Ruiz and other California employees separate from employment with Employers that are not timely paid at the end of their employment.

6.      <u>Reimburse Employee Expenses</u> – California Labor Code sections 2802 mandates that an employer indemnify and hold harmless its employees for "all necessary expenditures or losses" incurred by the employee in the performance of his/her duties and/or at the express direction of the employer.  By way of one specific example, in performing his duties throughout his employment Ruiz was required to utilize a digital application to record his time worked.  As such, Ruiz was required to have either 1) a mobile phone with application capability and internet service or 2) a computer with application capability and internet service.  Despite this requirement, Employers did not provide Ruiz any reimbursement for the necessary costs incurred in order to be able to utilize the mandatory application.

If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request the additional information, which I will provide to the extent it is available to me or my client.  If the LWDA does not intend to investigate these violations, Ruiz intends to file a civil complaint against Employers pursuant to the Labor Code Private Attorney General Act of 2004 (Labor Code §§ 2698 – 2699.5), on behalf of himself and as a proxy for the LWDA, to impose civil penalties arising out of violations of the Labor Code as to Ruiz and Employers' other current and former California employees.  Thank you for your attention to this matter.

Regards,

**MAYALL HURLEY P.C.**

By_____
JENNY D. BAYSINGER

Enclosure

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: 251,014<br>NAME: Jenny D. Baysinger<br>FIRM NAME: Mayall Hurley P.C.<br>STREET ADDRESS: 112 S. Church Street<br>CITY: Lodi                    STATE: CA     ZIP CODE: 95240<br>TELEPHONE NO.: (209) 477-3833     FAX NO.: (209) 473-4818<br>E-MAIL ADDRESS: jbaysinger@mayallaw.com<br>ATTORNEY FOR (name): Plaintiff Raul Ruiz | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS<br>  STREET ADDRESS: 801 10th Street<br>  MAILING ADDRESS: 801 10th Street<br>  CITY AND ZIP CODE:    Modesto  95354<br>  BRANCH NAME: | |
| PLAINTIFF/PETITIONER: RAUL RUIZ<br><br>DEFENDANT/RESPONDENT: KELLY SERVICES GLOBAL, LLC, et al. | CASE NUMBER:<br>CV-23-003304 |
| | JUDICIAL OFFICER:<br>Hon. Sonny S. Sandhu |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>24 |

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*
      Mayall Hurley P.C.
      112 S. Church Street
      Lodi, CA 95240

   b. My electronic service address is *(specify):*
      lriley@mayallaw.com

2. I electronically served the following documents *(exact titles):*

   FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT, filed on October 10, 2023

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Nick Baltaxe

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Defendant Kelly Services Global, LLC

   b. Electronic service address of person served *:*
      NBaltaxe@duanemorris.com

   c. On *(date):* October 12, 2023

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: 10/12/23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lindsay Riley
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Lindsay Riley*
_____
(SIGNATURE OF DECLARANT)

Page 1 of 1

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |